UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MOHAMED A. MAHMOUD, Plaintiff, v. HEATHER BACA, *et al.*, Defendants. | Case No. 2:26-cv-02229-MMD-NJK<br>SCREENING ORDER |

## I. SUMMARY

*Pro se* Plaintiff Mohamed Mahmoud, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint under 42 U.S.C. § 1983 ("Complaint"), several motions, and an application to proceed *in forma pauperis* ("IFP"). (ECF Nos. 1, 1-1, 1-3, 1-4, 8, 9, 10, 15.) The matter of the filing fee will be temporarily deferred. The Court now screens Plaintiff's Complaint under 28 U.S.C. § 1915A and disposes of the motions.

## II. SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United

States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *See id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## III. SCREENING OF COMPLAINT

In his fifty-four-page Complaint, Plaintiff sues fifty-four Defendants for events that took place while he was incarcerated at High Desert State Prison. (ECF No. 1-1 at 1.) Plaintiff brings two claims and seeks monetary, declaratory, and injunctive relief. (*Id.* at 6–54.)

Plaintiff brings this action to address a myriad of issues in his claims related to access to the courts, property deprivation, retaliation, due process violations, safety threats, and violations of the Americans with Disabilities Act. (*Id.* at 6, 22.) Because Plaintiff's Complaint does not comply with the Federal Rules of Civil Procedure ("FRCP") and the District of Nevada's General Order No. 2021-05, the Court dismisses the Complaint without prejudice with leave to amend. Plaintiff's Complaint is the essence of a "shotgun pleading." The Court advises Plaintiff of the following requirements under the FRCP and the General Order to facilitate the filing of a properly formatted amended

complaint. If Plaintiff fails to comply with these rules when drafting and filing his amended complaint, the Court will dismiss this action. The Court notes that this is not the first time Plaintiff has been made aware of how to file a properly formatted complaint in this Court. *See, e.g.*, *Mahmoud v. Dikin, et al.*, 3:25-cv-00064-MMD-CSD, ECF No. 8 at 3–6.

Plaintiff's Complaint must contain "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). And "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). He must state his claims in numbered paragraphs and limit them to a single set of circumstances, and each claim founded "on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b).

In *Gibson v. City of Portland*, the Ninth Circuit recognized "the problem with shotgun pleadings is that they make it difficult, if not impossible, for the opposing party to formulate a response." 165 F.4th 1265, 1288 (9th Cir. 2026). The Ninth Circuit identified the four main types of shotgun pleadings:

> (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to be a combination of the entire complaint; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into a different count each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* (citation modified). It reiterated that "[i]t is not the job of the district court to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts. *Id.* at 1289. It also reiterated district courts have "inherent authority to control [their] docket[s] and ensure the prompt resolution of lawsuits, which in some circumstances includes the power to dismiss a complaint for failure to comply with Rule 8(a)(2) and Rule 10(b)." *Id.* (citation modified). The Ninth Circuit reflected that "allowing the party to replead the complaint, not only provides better notice to opposing parties of the claims against them, but prevents the needless expenditure of finite judicial

resources." *Id.* at 1290. And it concluded that "Rule 8 provides district courts with an additional tool that they may use to dismiss shotgun pleadings when identified—not a rule necessarily requiring district courts do so, however prudent it may be." *Id.*

The upshot of this analysis is that the function of a complaint is not to list every single fact relating to the plaintiff's claims. But the plaintiff must set forth his or her claims in a simple, concise, and direct manner to meet the requirements of FRCP 8. For example, a complaint that "contains multiple counts, incorporating allegations for all preceding counts;" is "conclusory and vague;" and "asserts multiple claims against multiple defendants without identifying who did what" violates "three of the four categories of shotgun pleadings" identified by the Ninth Circuit. *Id.* at 1291.

A basic lawsuit is a single claim against a single defendant. FRCP 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. FRCP 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." However, unrelated claims that involve different defendants must be brought in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (holding that "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner"). This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that inmates pay the required filing fee for their lawsuits and prevent inmates from circumventing the three strikes rule under the PLRA. 28 U.S.C. § 1915(g).

If Plaintiff amends, each claim raised in his amended complaint must be permitted by either FRCP 18 or FRCP 20. He may state a single claim against a single defendant. He may then add any additional claims to this action that are against the same defendant under FRCP 18. He may also add any additional claims against other defendants if those

claims arise from the same transaction, occurrence, or series of transactions as his original claim. Fed. R. Civ. P. 20(a)(2) (emphasis added). Any attempt to join claims that are not permitted by the FRCP will result in those claims being dismissed as improperly joined.

## IV. MOTIONS FOR RELIEF

### A. Request to File Oversized Complaint

Plaintiff moves for leave to file an oversized complaint, arguing that he needs more space to state his claims because he is proceeding *pro se*. (ECF No. 1-3 at 2–3.) But as discussed above, the problem with Plaintiff's pleading is not lack of space for needed facts, but that he has failed to comply with the rules requiring him to provide a short and plain statement showing he is entitled to the relief sought and limiting the joinder of multiple claims and defendants in a single lawsuit. Thus, the motion to file an oversized complaint is denied without prejudice.

### B. Motion to Appoint Counsel

In his motion, Plaintiff requests the Court to find and appoint him a free attorney because he is indigent and has physical impairments. (ECF No. 1-4 at 1–2.)

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

Plaintiff has not shown exceptional circumstances warranting the appointment of counsel. Most of the issues raised in his motion are commonly experienced by prisoners

prosecuting claims. And although Plaintiff's Complaint does not comply with formatting and pleading rules, he has demonstrated an ability to articulate the bases of his disputes to the Court in a *pro se* capacity. Finally, the Court cannot conclude on this record that Plaintiff is likely to prevail on the merits of his claims because his entire Complaint has been dismissed with leave to amend. Thus, the motion for counsel is denied without prejudice.

**C. Pretrial Equitable Relief**

Plaintiff moves for a temporary restraining order and a preliminary injunction requiring that the Defendants not interfere with his legal mail and not retaliate against him for pursuing legal claims. (ECF Nos. 8, 9.) In addition, Plaintiff requests that the Court hold a hearing on his motions for equitable relief. (ECF No. 10.)

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Moreover, under the PLRA, preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

All three motions are denied without prejudice because there are no colorable claims pending in this action. *See Pac. Radiation Oncology, LLC v. Queen's Medical Ctr.*, 810 F.3d 631, 636–37 (9th Cir. 2015) (explaining "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint" and "[a]bsent that relationship or nexus, the district court lacks authority to grant the relief requested").

**D. Miscellaneous Motion**

Plaintiff filed a motion asking for several different forms of relief, including requesting that the Court allow him to use handwritten forms, approve his IFP application, and send the Court his writ of mandamus. (ECF No. 15.) But it is somewhat unclear if Plaintiff filed this motion before this Court or the Ninth Circuit. Even if Plaintiff attempted to file an appeal, the Ninth Circuit does not have jurisdiction because there has been no notice of appeal in this case for an appealable interlocutory order. *Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007) (citing *Ruby v. Secretary of Navy*, 365 F.2d 385, 388–89 (9th Cir. 1966)). Moreover, because of dismissal of the claims, the Court denies the motion as moot.

## V. LEAVE TO AMEND

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the Complaint. If he chooses to file an amended complaint, he is advised that the amended complaint replaces the Complaint, so it must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original").

Plaintiff's amended complaint must contain all claims, Defendants, and factual allegations that he wishes to pursue in this lawsuit. Moreover, Plaintiff should file the amended complaint on this Court's approved prisoner civil rights form, and it must be entitled "First Amended Complaint." If Plaintiff chooses to file an amended complaint curing the deficiencies of his Complaint, as outlined in this Order, he will file the amended complaint within **30 days** of the filing date of this Order. If Plaintiff does not comply with this Order, this case will be dismissed without prejudice for failure to state a claim.

## VI. CONCLUSION

It is therefore ordered that a decision on the application to proceed IFP (ECF No. 1) is deferred.

It is further ordered that the Complaint (ECF No. 1-1) is dismissed without prejudice with leave to amend for failure to comply with the FRCP.

It is further ordered that the Clerk of the Court file the Complaint.

It is further ordered that the motion to file oversized complaint (ECF No. 1-3), motion for counsel (ECF No. 1-4), motion for temporary restraining order (ECF No. 9), motion for preliminary injunction (ECF No. 8), motion for hearing (ECF No. 10), and miscellaneous motion (ECF No. 15) are denied.

It is further ordered that the Clerk of the Court send to Plaintiff: (1) the approved form for filing a § 1983 complaint with instructions; and (2) a copy of his Complaint (ECF No. 1-1). If Plaintiff chooses to file an amended complaint, he should use the approved form and mark "First Amended Complaint" in the caption.

It is further ordered that, if Plaintiff fails to file an amended complaint curing the deficiencies outlined in this Order within **30 days** of the filing date of this Order, the Court will dismiss this action without prejudice for failure to state a claim.

DATED THIS 24th Day of November 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE